# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TAMMY ROEBUCK, as personal** | } | |
| **representative of the Estate of** | } | |
| **CHRISTOPHER ROEBUCK,** | } | |
| **deceased,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | **Case No.: 4:06-CV-0221-RDP** |
| **v.** | } | |
| | } | |
| **CASE CORPORATION, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand (Doc. #7) filed on February 14, 2006. For the reasons outlined below, the motion is due to be granted.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

In this wrongful death lawsuit, Plaintiff maintains that her son died as a result of his use of an allegedly defective backhoe on April 9, 2005. On January 30, 2006, Defendants Case Equipment Corporation; Case, LLC; Case Corporation; CNH Global N.V.; and CNH America, LLC (collectively referred to as "Case") removed the lawsuit from the Circuit Court of Marshall County to this court. (Doc. #1). Case's removal petition is premised upon diversity jurisdiction and maintains that Plaintiff has fraudulently joined the in-state defendant, Cowin Equipment, Inc. ("Cowin") such that the court should disregard its Alabama citizenship. (Doc. #1 ¶ 9).

Case filed an opposition to Plaintiff's Motion to Remand (Doc. #9) on February 21, 2006, and Plaintiff filed her reply (Doc. #10) on February 24, 2006. The motion was originally deemed

submitted for a decision on February 24, 2006.  (Doc. #6; Doc. #10).  The court extended the

submission date and allowed Case to file a sur-response on March 3, 2006.  (Doc. #14).

## II.    ANALYSIS

The court has studied the parties' arguments, including the cases offered in support of their

respective positions.  The Eleventh Circuit extensively addressed the issue of removal based on

diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in

*Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997).  There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of
> proving that either: (1) there is no possibility the plaintiff can establish a cause of
> action against the resident defendant; or (2) the plaintiff has fraudulently pled
> jurisdictional facts to bring the resident defendant into state court.  *Cabalceta v.
> Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).  The burden of the
> removing party is a 'heavy one.'  *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549
> (5th Cir. Unit A 1981).

*Crowe*, 113 F.3d at 1538.[1]  The standard is onerous because, absent fraudulent joinder, the plaintiff

has the absolute right to choose her forum.  That is, courts must keep in mind that the plaintiff is the

master of her complaint and has the right to choose how and where she will fight her battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff
> has the right to select the forum, to elect whether to sue joint tortfeasors and to
> prosecute his own suit in his own way to a final determination."  *Parks v. The New
> York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).  The strict construction of
> removal statutes also prevents "exposing the plaintiff to the possibility that he will
> win a final judgment in federal court, only to have it determined that the court lacked
> jurisdiction on removal," *see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc.*,

---

[1]Under the second prong of the fraudulent joinder test, the court must determine whether
Plaintiff has fraudulently pled facts relating to a party's citizenship in an effort to avoid diversity
jurisdiction.  No issue related to the second prong exists in this case.  Accordingly, the court limits
its analysis to the first inquiry.  In relation to that issue, the parties are in agreement that the
appropriate standard for the court to apply with respect to the negligence/wantonness claim asserted
by Plaintiff is whether there is any possibility that she can establish a cause of action against Cowin,
the non-diverse defendant. *Cabalceta*, 883 F.2d at 1561.

507 F. Supp. 740, 744 (S.D. Ga. 1981) (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedures* § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

*Id.* at 1538.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* that a claim exists. The *Crowe* court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under FED. R. CIV. P. 56(b),' [*B. Inc., v. Miller Brewing Co.*, 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' *Id.* at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' *Id.* at 548-49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** *See id.* 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

*Id.* at 1538 (emphasis added).

More recently, in *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir. 2001), the Eleventh Circuit emphasized the limits of the fraudulent joinder analysis, saying:

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find

that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

*Id.* at 1305; *see also Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.").

"A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence." *Parks*, 308 F.2d at 478 (citations omitted). "The burden of the removing party is a 'heavy one.'" *Crowe*, 113 F.3d at 1538 (citation omitted). Regarding the application of the fraudulent joinder standard, the Eleventh Circuit has explained:

> In terms of this circuit's law, the main point for us is this one: For a plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable basis for predicting that the state law *might* impose liability on the facts involved.'

*Crowe*, 113 F.3d at 1541-42 (citation omitted) (emphasis added in *Crowe* opinion). In a later fraudulent joinder decision, the Eleventh Circuit elaborated as follows:

> The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.' *Crowe*, 113 F.3d at 1538.

4

*Pacheco de Perez v. AT & T Co.*,139 F.3d 1368, 1380-81 (11th Cir. 1998).

In support of its fraudulent joinder argument, Case points to the unique manner in which Plaintiff has pled her claim against Cowin:  Plaintiff is asserting a negligence claim against Cowin based upon the alleged special business relationship that the deceased's father had with Cowin regarding repairs and/or maintenance on the backhoe that was involved in his son's death.  (Doc. #12 ¶ 4).  Case also argues that it is extremely doubtful that the negligence claim asserted by Plaintiff is viable against Cowin.  At the same time, however, Case acknowledges that the Alabama Supreme Court has not established a bright line test for determining when a special relationship develops such that a merchant might be liable for a the failure to act that results in personal injury to a third party outside of the more ordinary context of the Alabama Extended Manufacturer's Liability Doctrine ("AELMD").  (Doc. #1 ¶ 26 (citing *Molinari v. Tuskagee Univ.*, 339 F. Supp. 2d 1293, 1302 (M.D. Ala. 2004))).

Also in support of its removal petition, Case directs the court to consider two Supreme Court of Alabama opinions involving rulings on summary judgment:  *Morris v. Merritt Oil Co.*, 686 So.2d 1139, 1142 (Ala. 1996) (upholding entry of summary judgment on negligence claim against video/arcade games vendor and stating: "Morris presented no evidence of a relationship between herself and McCulley that would support a finding that McCulley owed any duty to Morris."); and *Mason v. Chrysler Corp.*, 653 So.2d 951, 955 (Ala. 1995) (upholding grant of summary judgment on fraud claim when evidence does not support element of confidential relationship or "special circumstances to give rise to a duty to speak").  However, neither of those opinions provides any reason for this court to conclude that Case has satisfied its heavy burden of showing by clear and convincing evidence that Plaintiff has no colorable basis for seeking a negligence claim against

Cowin. For example, while the cases relied upon by Case upheld dismissals, they did so based upon the specific lack of evidence adduced at the summary judgment stage as opposed to an overall infirmity with the viability of the claim generally.

In *Morris*, the Supreme Court of Alabama explained the *prima facie* elements of a claim for negligence:

> "'To recover in a negligence action, the plaintiff must prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury to the plaintiff as a result of that breach.'" *Kelly v. M. Trigg Enterprises, Inc.*, 605 So.2d 1185, 1190 (Ala.1992) (quoting *Hall v. Thomas*, 564 So.2d 936, 937 (Ala.1990)). "Whether there is a duty is the threshold inquiry in a negligence case. 'It is settled that for one to maintain a negligence action the defendant must have been subject to a legal duty.' *Morton v. Prescott*, 564 So.2d 913, 915 (Ala.1990). 'The trial court must determine whether a duty existed and, if so, the extent of that duty.' *Perkins v. Dean*, 570 So.2d 1217, 1220 (Ala.1990) . . . . 'The ultimate test of the existence of a duty to use due care is found in the foreseeability that harm may result if care is not exercised.' *Buchanan v. Merger Enterprises, Inc.*, 463 So.2d 121, 126 (Ala.1984.)" *Ledbetter v. United American Ins. Co.*, 624 So.2d 1371, 1373 (Ala.1993).

686 So.2d at 1141-42. In an earlier case discussing negligence arising from a voluntary act, the Supreme Court of Alabama explained:

> The question is, as we see it, whether or not the complaint states a cause of action under the common law arising from the negligent performance of a voluntary undertaking. This theory originated with the case of *Coggs v. Bernard*, 2 Lord Raymond 909. Since then it has come to be recognized that liability can arise from the negligent performance of a voluntary undertaking. This state, at least as early as 1911, recognized that "when a person undertakes an employment, which requires care and skill, whether for reward or not, a failure to exert the measure of care and skill appropriate to the measure of such employment is negligence for which an action will lie." *Parker & Bro. v. Hodgson*, 172 Ala. 632, 635, 55 So. 818, 819.

*Beasley v. MacDonald Engineering Co.*, 249 So.2d 844, 846 (Ala. 1970). Similarly, in a concurring opinion involving negligence in a voluntary undertaking, Justice Jones wrote:

> It is in the voluntary undertaking where the parameters of the duty must be established through close scrutiny of the circumstances. This issue will generally be

> a question of fact.  The rule is well established that common law liability to third
> parties can arise from the negligent performance of even a voluntary undertaking.

*Fireman's Fund American Ins. Co. v. Coleman*, 394 So. 2d 334, 349 (Ala. 1980) (citations omitted).

In determining fraudulent joinder, the Eleventh Circuit expressly forbids this court from delving into the weight of the merits of a claim beyond determining whether "there is **even a possibility** that a state court would find that the" plaintiff has stated a claim against the resident defendant.  *Crowe*, 113 F.3d at 1538 (emphasis added).  Similarly, "[t]o determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.*[2]  Thus, in addressing Plaintiff's motion, this court must remain mindful of the Eleventh Circuit's admonishments concerning the proper depth in which a district court should venture in deciding the fraudulent joinder question.  *Id.*  To conclude that fraudulent joinder exists in this case would be an impermissible overreach into the substance of Plaintiff's negligence claim based on the alleged voluntary undertakings of Cowin.  Given that the Alabama Supreme Court recognizes a common law claim for negligence in the context of a voluntary act and/or a special relationship resulting in an obligation to disclose, the court cannot say that Case has carried its weighty burden of showing by clear and convincing evidence that Plaintiff has no possibility of prevailing on the theory of negligence as stated against Cowin.  Therefore, considering the allegations and the status of the law before it and accepting as true the competing affidavits provided

---

[2]Citing to *Crowe*, Case maintains that "a claim of fraudulent joinder is generally adjudged according to the same standards as a motion for summary judgment."  (Doc. #9 at 5).  To be clear, while the standards share similarities, they have differences, too.  *Crowe*, 113 F.3d at 1538 ("While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b), the jurisdictional inquiry must not subsume substantive determination.") (internal quotations and citations omitted).

in support of removal and remand, the court determines that Plaintiff has not fraudulently joined Cowin in this action and that, as a result, the entire case is due to be remanded.

**III.     CONCLUSION:**[3]

For the reasons stated above, the court finds Case has not met its heavy burden of demonstrating fraudulent joinder with respect to Plaintiff's negligent claim against Cowin, and Plaintiff's Motion to Remand is due to be granted.  The court will enter an order consistent with this Memorandum Opinion, remanding this case to the Circuit Court of Marshall County.

**DONE** and **ORDERED** this _____20th_____ day of March, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3]Because the court determines that remand is appropriate from a substantive standpoint on the fraudulent joinder issue, it does not address Plaintiff's procedural position that Case's removal was defective because of its failure to join in Defendant United Equipment, Inc.